Mary M. STANKIEWICZ, Appellant,

v.

Jesus OCA, Appellee.

No. 2-98-346-CV.

Court of Appeals of Texas,
Fort Worth.

April 1, 1999.

Rehearing Overruled May 6, 1999.

Vial, Hamilton, Koch & Knox and Jamison Dean Newberg, Dallas, for Appellant.

Law Office of James M. Stanley and Alfred A. Pandolfi, Fort Worth, for Appellee.

Panel F: LIVINGSTON, DAUPHINOT, and RICHARDS, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

The issue on this restricted appeal is whether appellee Jesus Oca failed to strictly comply with the rules relating to issuance of citation. Because he did not, we affirm.

### Background

Oca sued appellant for injuries resulting from an automobile accident. Oca's five attempts to personally serve appellant failed. On Oca's motion for substituted service and supporting affidavit, the court ordered substitute service by leaving the citation at appellant's probable residence "with anyone over the age of sixteen (16) years of age."

■ According to the return, the process server served appellant personally on February 25, 1998 by "delivering to the within named Mary Stankiewiez [sic]-106 in person a true copy" of all relevant documents. Appellant failed to respond to the citation and, on December 18, 1997, the trial court awarded Oca a default judgment. Appellant challenges the default judgment by restricted appeal. *See* TEX. R.APP. P. 30.[1]

■ Appellant raises three issues. She contends that the manner and return of service are defective, that misspelling her name is a fatal defect, and that the citation had the incorrect address. According to appellant's arguments, these defects show that Oca failed to comply with the rules regarding service of citation.[2]

### Scope and Standard of Review

■ In order to sustain a default judgment under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *See Bannigan v. Market Street Developers, Ltd.*, 766 S.W.2d 591, 592 (Tex.App.—Dallas 1989, no writ). The normal presumptions favoring valid issuance, service, and return of citation do not apply. *See Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). Finally, when a default judgment is attacked directly by a restricted appeal, it is essential that strict compliance be shown on the face of the record. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).

### Discussion

■ In her first issue, appellant complains of the manner and return of service.

---

1. There are four prerequisites to bringing a restricted appeal. The appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *See* TEX. R.APP. P. 30; *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991). We note that *Moffitt* addressed the writ of error appeal found in former rule 45. However, rule 30 expressly provides that, "Restricted appeals replace writ of error appeals...." TEX R.APP. P. 30. Appellant meets the first three requirements; our inquiry involves the fourth.

2. Oca has declined to file a brief, but has filed a letter stating that he does not oppose reversal and remand for trial on the merits. Oca's acquiescence notwithstanding, we cannot reverse the trial court's judgment (cont.)

unless we find error that probably caused rendition of improper judgment. *See Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *New Braunfels Factory Outlet Center, Inc. v. IHOP Realty Corp.*, 872 S.W.2d 303, 310 (Tex.App.—Austin 1994, no writ). Therefore, we must review appellant's points and the record to determine whether reversible error occurred in this case.

She argues that Oca failed to strictly comply with the authorized manner of service, and that the return creates "inconsistencies and contradictions" rendering it defective.

Under the authority of Rule 106(b), the trial court authorized service to "be by Bubba Harville by leaving a true copy of the citation, the petition in this cause, and this order, with anyone over 16 years of age at 917 Del Paso, # 120, Euless, Tarrant County, Texas." The return reflects personal, rather than substitute service. Thus, appellant's challenge to the manner of service necessarily implies that she could not be *personally* served because the order authorized substitute service. We disagree.

■ Personal service is preferred to substitute service. *See Mylonas v. Texas Commerce Bank–Westwood,* 678 S.W.2d 519, 522 (Tex.App.—Houston [14th Dist.] 1984, no writ). Because appellant unsuccessfully attempted to serve appellant in person, he followed the letter of the rule and sought substitute service under rule 106(b). As noted, the return reflects that service was by the *preferred method,* i.e., in person. Appellant would have us hold that the general rule requiring strict compliance would mandate substitute service when authorized by the court, even if the plaintiff fortuitously encounters the party to be served in person. We think the better rule is that if the trial court does not exclude a preferential method of service, that method of service is still available notwithstanding a properly sought and granted order for substitute service. Therefore, we hold that, unless the trial court's order authorizing substitute service expressly states that substitute service is the exclusive method, a preferential type of service remains available.

Here, the trial court's order authorizing substitute service does not expressly state that substitute service was the exclusive method. Under the rule announced above, we hold that personal service was still available to Oca. Therefore, we overrule appellant's first point insofar as it challenges the method of service.

Also under her first point, appellant challenges the return of service. She argues that the handwritten references to "Rule 106," combined with the trial court's order authorizing substitute service, renders the face of the record insufficient to show that Oca strictly complied with the rules regarding the return of citation. She contends that "106" does not indicate whether it means 106(a) or 106(b). Therefore, the return, she argues, is defective.

Rule 107 governs the return of service. When substitute service is authorized, it provides that proof of service "shall be made in the manner ordered by the court." TEX.R. CIV. P. 107. Here, the court ordered that the return "state when and hoe [sic] the citation was served, and be signed [sic] Bubba Harville or and [sic] sworn to by the person names [sic] above."

■ The return on the citation states, on its face, when appellant was served (February 25, 1998 at 3 p.m.), how appellant was served (by delivery in person) and is signed by Harville. The court's order required nothing more. Because the face of the return reflects that appellant strictly complied with the court's direction regarding proof of service, we overrule appellant's challenge to the return.

■ In her second point, appellant asserts that service was defective because appellant misspelled her name. Appellant sued and served "Mary Stankiewiez." Mary's last name is Stankiewicz. In her brief, appellant argues that Oca misspelled her name throughout this lawsuit. Further, she states that the postal service's May 7, 1998 return-to-sender label affirmatively shows the correct spelling of the defendant's name.

■ The face of record does not show error. In our review, we are limited to reviewing the record as it existed in the trial court at the time the default judgment was entered. *See Laidlaw Waste*

*Systems, Inc. v. Wallace,* 944 S.W.2d 72, 73 (Tex.App.—Waco 1997, writ denied). The only evidence in the record that appellant's name is spelled differently than Oca's spelling is the post office's return-to-sender label. When the trial court clerk attempted to mail the default judgment to the appellant, it had the wrong address. The label with the alleged correct spelling was affixed to the envelope in which the default judgment was returned to the trial court. The label was not before the trial court at the time default judgment was entered, and we will not consider it. *See id.* Nothing else in the record reflects the alleged correct spelling of appellant's name. Accordingly, the face of the record does not reflect that Oca misspelled appellant's name. We overrule appellant's second point.

■ In her third and final point, appellant alleges that Oca misidentified appellant's address at all times during this proceeding, and that the misidentification renders service invalid. Oca alleged two different addresses. In his original petition, he alleged the Euless address. Accompanying his motion for default judgment, appellant filed a "Certificate of Last Known Address" which listed a Mansfield, Texas address. Finally, when the trial court clerk attempted to mail a copy of the default judgment to appellant, the clerk mailed it to the Euless address, rather than the Mansfield address. The post office returned the letter with a change of address label. According to the label, appellant lived in Fort Worth. Appellant contends that this consistent misidentification of her address shows a failure to strictly comply with the rules regarding service of process.

To substantiate appellant's claim that Oca had the wrong address when he initially tried to serve appellant in September 1997 and when he actually served appellant in February 1998, the record would have to contain evidence of appellant's address on those dates. The record contains no such evidence. We also note the appellant did not file a motion for new trial to adduce evidence of her address on those dates.

The rule permits substituted service on a motion supported by an affidavit stating the location of usual place of abode. *See* TEX.R. CIV. P. 106(b). The record contains a motion and supporting affidavit stating that the Euless address was appellant's usual place of abode. Thus, Oca strictly complied with the rule. There is nothing in the record to substantiate appellant's claim that appellant had the wrong usual place of abode. Thus, to sustain appellant's point, we would need to look to extrinsic evidence, i.e., evidence not before the court when default judgment was entered. This we cannot do. *See Wallace,* 944 S.W.2d at 73. We overrule appellant's third point.

The face of the record does not show that Oca failed to strictly comply with the rules regarding issuance of citation. Even though Oca does not challenge appellant's points on appeal, we cannot reverse the trial court's judgment absent reversible error. Because there is no reversible error, we affirm the trial court's judgment.