COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 02-02-086-CV
 
REYNOLD A. VESPA           
           
           
           
           
           
        APPELLANT
V.
NATIONAL HEALTH INSURANCE COMPANY       
           
           
           
       
APPELLEE
------------
FROM THE 96
TH DISTRICT COURT OF TARRANT
COUNTY
------------
OPINION
------------
In this restricted appeal, National
Health Insurance Company, Appellee, sued and acquired a default judgment on
Reynold A. Vespa, Appellant. Appellant filed a restricted appeal citing two
points: 1) the trial court's default judgment must be reversed and remanded
because the face of the record demonstrates that service of process was
defective; and 2) the trial court's ruling on the amendment to return of service
was improper because the trial court had no jurisdiction to allow the amendment.
We reverse and remand the case for a new trial.
FACTS
Appellee sued Appellant for breach
of contract claiming liquidated damages and attorney's fees. After repeated
attempts to serve Appellant, Appellee made a motion to the trial court
requesting substitute service which the court granted. The order provided that
the citation, petition, and a copy of the order must be secured to the front
door of Appellant's residence.
On July 27, 2001, Appellee served
Appellant. The return of service showed only that the petition and citation were
posted and made no reference to the copy of the order. Appellant failed to
appear, and on September 20, 2001, the trial court granted default judgment
against Appellant.
Appellant moved for a restricted
appeal on March 15, 2002. In response to Appellant's appeal, Appellee made a
motion to the trial court requesting to amend the return of service in an
attempt to cure any error on the face of the record. Nine months after the trial
court entered judgment, it granted the motion to amend service on June 20, 2002.
DISCUSSION
Texas Rules of Appellate Procedure
26.1(c) and 30 require four elements for a successful restricted appeal: 1) a
notice of restricted appeal must be filed within six months after the judgment
is signed; 2) by a party to the lawsuit; 3) who did not participate in the
hearing that resulted in the judgment of which the party complains and did not
file a timely post-judgment motion; and 4) error must be apparent on the face of
the record. TEX. R. APP. P.
26.1(c), 30; Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex.
1985). Because the parties only contest the fourth requirement of this
restricted appeal, we will focus our review on determining whether error is
apparent on the face of the record. If we find error apparent on the face of the
record, we must reverse the default judgment.
A restricted appeal directly attacks a default judgment. See
Lewis v. Ramirez, 49 S.W.3d 561, 564 (Tex. App.--Corpus Christi 2001, no
pet.). To sustain a default judgment under direct attack, the plaintiff in the
trial court must strictly comply with the rules relating to the issuance of
citation, the manner and mode of service, and the return of process. McKanna
v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965); Bannigan v.
Mkt. St. Developers, Ltd., 766 S.W.2d 591, 592 (Tex. App.--Dallas 1989, no
writ). The plaintiff must show such compliance on the face of the record. Bannigan,
766 S.W.2d at 592. The normal presumptions favoring valid issuance, service, and
return of citation do not apply. See Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994); Stankiewicz v.
Oca, 991 S.W.2d 308, 310 (Tex. App.--Fort Worth 1999, no pet.).
Texas law prefers personal service over substitute service. Stankiewicz,
991 S.W.2d at 311. When the plaintiff uses substituted service, Texas law places
a burden on the plaintiff to prove that he or she served the defendant in the
manner required by the applicable statue. Dolly v. Aethos
Communications Sys., Inc., 10 S.W.3d 384, 388 (Tex. App.--Dallas 2000, no
pet.).
Texas Rule of Civil Procedure 106 authorizes a court to order a
substitute method of service. TEX. R. CIV.
P. 106(b). "Where citation is executed by an alternative method as
authorized by Rule 106, proof of service shall be made in the manner ordered by
the court." TEX. R. CIV.
P. 107. When a trial court orders substituted service under rule 106, the only
authority for the substituted service is the order itself. Dolly,
10 S.W.3d at 388; Broussard v. Davila, 352 S.W.2d 753, 754
(Tex. Civ. App.--San Antonio 1961, no writ). Because the trial court's order is
the sole basis of authority authorizing substituted service, any deviation from
the trial court's order necessitates a reversal of the default judgment based on
service. Becker v. Russel, 765 S.W.2d 899, 900 (Tex.
App.--Austin 1989, no writ).
In the present case, Appellee served Appellant using substitute service
under rule 106. Appellee was required to follow the trial court's instructions
exactly when serving Appellant. Becker, 765 S.W.2d at 900.
The trial court required the citation, petition, and a copy of the trial court's
order to be placed on the front door of Appellant's house. The return of service
showed that the process server only placed the citation and petition on
Appellant's door. Because the return of service is prima facie evidence of how
service was performed, it proves that the order was not placed on the door as
instructed by the trial court. See Primate, 884 S.W.2d at
152 (holding that the return of service is considered prima facie evidence of
the facts recited therein, and "the weight given to the return is no less
when the recitations impeach the judgment than when they support it").
In the present case, the return of service provided prima facie
evidence that Appellant did not receive the copy of the court's order. The trial
court's order amounted to the only legal authorization for Appellee's actions.
When Appellee failed to strictly follow the order, Appellee violated rule 106 of
the Texas Rules of Civil Procedure. Violation of rule 106 makes the service of
process invalid and of no effect. See Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990). Further, defective service of process removes the
trial court's jurisdiction over the defendant. See id.
(holding that jurisdiction is dependent upon citation issued and served in a
manner provided for by law). Because service was defective in this case, the
trial court lacked jurisdiction to grant the default judgment.
Appellee attempted to cure the defect by amending the return over eight
months after the court entered default judgment against Appellant, and after
Appellant had filed his restricted appeal with this court. Appellee claims that
Texas Rule of Civil Procedure 118 authorizes the trial court to amend the return
of service at any time. We disagree.
The Texas Supreme Court has ruled that rule 118 allows for the
amendment of the return of service at any time up until the trial court enters
judgment. See Primate, 884 S.W.2d at 153 (holding that if
the return is defective, the one requesting service must amend the return prior
to judgment being entered); see also Union
Pac. Corp. v. Legg, 49 S.W.3d 72, 77 (Tex. App.--Austin 2001, no pet.).
Once the trial court enters judgment in the case, it cannot authorize amendment
to the return of service. Primate, 884 S.W.2d at 153.
Because Appellee's motion to amend the return of service occurred after the
trial court entered default judgment, we hold the amendment untimely. Due to the
amendment being untimely, it could not cure the defect in the record. We
therefore hold that there was a defect in the return of service which removed
the trial court's jurisdiction over Appellant. Without jurisdiction over
Appellant, the default judgment cannot stand.
CONCLUSION
Having found error on the face of the record, we reverse the trial
court's default judgment and remand the case for a new trial.
 
          
           
           
           
           
           
        SAM
J. DAY
          
           
           
           
           
           
        JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
          
 LIVINGSTON, J. filed a concurring opinion.
 
[DELIVERED: FEBRUARY 6, 2003]

 

COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-086-CV
REYNOLD A. VESPA                                                                                
APPELLANT
V.
NATIONAL HEALTH INSURANCE
COMPANY                                                
APPELLEE
------------
FROM THE 96TH DISTRICT
COURT OF TARRANT COUNTY
------------
CONCURRING
OPINION
------------
While I agree with the majority's
result in this case, I respectfully write separately to voice my departure from
its analysis in one respect.
The majority cites Primate
Constr.0, Inc. v. Silver for the proposition that Texas Rule of Civil
Procedure 118 allows for an amendment to the return at any time up until a
judgment has been entered. (Maj. Op. 6) 884 S.W.2d 151, 153 (Tex. 1994); see
also Tex. R. Civ. P. 118. However, that portion of Primate is mere
dicta because in that default judgment there was no amendment to the return or
attempt to amend the return. Primate Constr., Inc., 884 S.W.2d at 153.
The issue of whether someone had effectively and timely filed for an amendment
to the return was simply not before the court. Id. The court was merely
reciting the fact that rule 118 provides a remedy to a plaintiff who has
improperly served a defendant. Thus, I would hold that because appellee's rule
118 motion was filed after the trial court's plenary power expired as
opposed to after judgment, it was untimely.
 
                                                                               
TERRIE LIVINGSTON
                                                                               
JUSTICE
 
[DELIVERED: FEBRUARY 6, 2003]