David LAAS, Appellant,

v.

Betty WILLIAMSON, Appellee.

No. 09–04–141 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 25, 2005.

Delivered Feb. 17, 2005.

Craig R. Lively, Harris, Lively, Duesler & Hatfield, LLP, Beaumont, for appellant.

Keith Ellis, Vidor, Richard J. Clarkson, Beaumont, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is a restricted appeal in a personal injury case arising out of an automobile accident. The appellant, David Laas,[1] seeks to set aside a $1,090,795.74 default judgment based on defective service of process. We hold the return of citation filed of record is defective and cannot support a default judgment. Accordingly, we reverse and remand.

The accident occurred June 25, 2000, when Laas was sixteen years of age. Williamson filed suit on June 25, 2002. Citation issued the following day. The return of citation recites that the citation was served on Laas on August 21, 2002, by Ronald C. Guanere. The citation was filed on September 4, 2002, but it is unverified. Williamson took a default judgment on October 7, 2003. The judgment awards $4,798.37 in past medical expenses, with the remainder of the damages arising from future medical expenses, past and future pain and suffering, past and future physical impairment, past and future mental anguish, and exemplary damages. The notice of judgment issued October 8, 2003, but was returned undelivered on October 15, 2003. On November 25, 2003, Laas

---

1. The notice of restricted appeal identifies the appellant as David Laas, Jr.

filed a motion to extend the post-judgment deadlines. *See* Tex.R. Civ. P. 306a(4). That motion alleged Laas did not receive actual notice of the judgment within twenty days. In an affidavit attached to his Rule 306a(4) motion, Laas averred that he received actual notice of the default judgment on November 21, 2003. Also attached to the motion is a letter from Williamson's counsel to Laas's insurer. The letter is dated November 10, 2003, notifies the insurance company that a default judgment has been taken in the case, and is copied to Laas's attorney.

The trial court conducted an evidentiary hearing on the Rule 306a(4) motion. Williamson claimed that Laas had actual notice of the judgment. She produced Laas's signature, dated October 8, 2003, on a notary page from Williamson's lawyer's office. The lawyer's claims manager, Charles Heider, testified that he telephoned Laas on October 7 or October 8 and asked Laas to come to the lawyer's office. Laas came into the office on October 8. Heider testified he learned that Laas had forwarded the served petition to his insurance company and prepared a statement for Laas to sign. The statement is undated, and states the following: "I, David Lass, [sic] was served on the 20th day of August, 2000, for an auto collision I caused on June 25, 2000. I forward [sic] the Original Petition and Citation of Service to my agent the following day." The claims manager did not recall having told Laas there was a judgment taken against him, and did not inform Laas that he had a right to consult with a lawyer; however, Williamson's counsel testified that he also spoke with Laas on October 8, and that he told Laas about the default judgment and suggested he see his insurance company. Heider and another witness, Jerry Gallier, testified that Laas returned to Williamson's counsel's office a second time. Gallier testified he refused to speak with Laas because Laas was holding a letter from a defense attorney.

During the Rule 306a(4) hearing, Laas testified that he was contacted by telephone in early October 2003 and was told that he needed to sign some papers "for this lady to sue the insurance company and not me." Laas admitted he came to the lawyer's office, but claimed no one informed him of the default judgment. Laas claimed Williamson's lawyer told him that "if I [Laas] signed these papers that this lady has to go after the insurance company and not me." Laas also claimed Williamson's lawyer told him that he did not need an attorney. Laas testified, "He said it was a default judgment, but he also said that it was for the lady to sue the insurance company and not me...." Laas also testified that he thought he was not supposed to get a lawyer and was not supposed to discuss the matter with anyone, and if he signed the document, he would be protected from the lawsuit. According to Laas, he first saw the judgment when defense counsel mailed it to him.

On December 3, 200, Williamson filed a motion for leave to file an amended return of citation. In her brief, Williamson claims an amended return was filed on December 3, 2003, although an amended return is not included in the appellate record. There is no indication in the record that the trial court acted on Williamson's motion for leave.

■ Williamson argues restricted appeal is not available to Laas because he discovered the default judgment in time to take a regular appeal. The cases on which she relies, *Thacker v. Thacker,* 496 S.W.2d 201, 204–05 (Tex.Civ.App.-Amarillo 1973, writ dism'd), and *Hammond v. Hammond,* 688 S.W.2d 690, 691–92 (Tex.App.-Beaumont 1985, writ dism'd), are writ of error cases in which the appellant participated at

trial. An appellant filing a restricted appeal must appeal within six months after the judgment was signed, must be a party to the suit, and must not have participated in the hearing that resulted in the judgment. *See* Tex.R.App. P. 26.1(c), 30. On appeal, he must demonstrate that error appears on the face of the record. *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex.1999). Laas filed no documents and attended no hearings before Williamson took her default judgment, and he filed notice of appeal five months and sixteen days after the judgment was signed. Thus, Laas may pursue a restricted appeal pursuant to Rule 30. The issue is whether error appears on the face of the record.

 In his first issue, Laas contends the service of citation is defective and that the defect in service is error on the face of the record. Laas contends the evidence before the trial court at the time of the default judgment reflects that the return of citation was unverified, and that defective proof of service constitutes error apparent on the face of the record. "[S]trict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment." *Id.* The rules of civil procedure allow for liberal amendment of the return of service to show the true facts of service, but "the one requesting service must amend the return prior to

judgment." *Id.* at 153; *see* Tex.R. Civ. P. 118.

 Williamson argues there is no error on the face of the record because she corrected the return of service. The corrected return is included in the appendix to her brief but is not contained in the clerk's record. Even if it were, it cannot be considered on appeal because it was on file with the trial court no earlier than December 3, 2003. Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (writ of error appeal). Evidence not before the trial court prior to final judgment is beyond the scope of review and may not be considered. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex.1991) (writ of error appeal). Thus, in a restricted appeal the "face of the record" consists of all documents on file with the trial court at the time of judgment. *Armendariz v. Barragan*, 143 S.W.3d 853, 854 (Tex.App.-El Paso 2004, no pet.). While the face of the record includes the reporter's record of the default hearing, it does not include documents placed in the record after judgment. *Stankiewicz v. Oca*, 991 S.W.2d 308, 311–12 (Tex.App.-Fort Worth 1999, no pet.) (return label affixed to envelope returned to trial court after judgment); *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex.App.-Waco 1997, writ denied) (affidavit explaining usual procedures for service of process).[2] Williamson

2. Documents filed after judgment may be considered in a bill of review proceeding and on appeal from the denial of a bill of review, but not in a restricted appeal. *See Gold v. Gold*, 145 S.W.3d 212, 214 (Tex.2004). For this reason, this Court held the clerk's failure to mail notice of judgment and to note its notice on the docket could not have been raised as error in a writ of error appeal because the error occurred after judgment was entered. *Jordan v. Jordan*, 36 S.W.3d 259, 264 (Tex. App.-Beaumont 2001, pet. denied). The Supreme Court also recognized this distinction between the scope of review in a restricted

did not amend the return of service before judgment; therefore, the purported amendment did not cure the alleged defect.

Williamson relies upon *Dawson v. Briggs*, 107 S.W.3d 739, 744–45 (Tex.App.-Fort Worth 2003, no pet.). *Dawson* rejected as *dicta* the statement that the citation must be amended prior to judgment. *Id.* at 746–47. *Dawson* reasoned the statement in *Primate* conflicts with *Higginbotham v. General Life & Accident Ins. Co.*, 796 S.W.2d 695, 697 (Tex.1990), which held that the trial court effectively granted a Rule 118 motion to amend the return in the course of considering a timely filed motion for new trial. *Higginbotham* distinguished regular appeals from what is now a restricted appeal, as follows:

> Most of these opinions addressing the requirement that the record show strict compliance are writ of error attacks on default judgments. In such cases there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements. We are not to be understood as holding that the citation return alone in this case would have been sufficient to show valid service. Our holding in this case is restricted to situations in which there is a record (such as the evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to

an order amending the return of citation.

*Higginbotham*, 796 S.W.2d at 697.

The *Higginbotham* rationale is inapposite where no order expressly granting leave to amend the return appears in the record. *Seib v. Bekker*, 964 S.W.2d 25, 28–29 (Tex.App.-Tyler 1997, no writ). Ours is not a situation where the trial court granted leave to amend the return of citation while it retained plenary power of the October 7, 2003, judgment. First, the trial court never granted leave to amend the return. Second, Williamson filed her motion to amend the return after Laas filed his Rule 306a(4) motion, but she contested the Rule 306a(4) motion and the trial court did not correct the date of judgment pursuant to Rule 306a(5). Thus, *Primate* controls, not *Higginbotham*.

■ Citation may be served by any sheriff or constable or other person authorized by law, or by any person of at least eighteen years of age authorized by law or by written court order. Tex.R. Civ. P.103. The return of service must be endorsed; if the return is by an authorized person, it must be verified. Tex.R. Civ. P. 107. In this case, the return is not signed by Guanere in any official capacity; therefore, it appears service was performed by a private process server. Case law holds that Rule 107 requires an acknowledgment of the instrument before a notary public. *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex.App.-Texarkana 2004, no pet.); *Carmona v. Bunzl Distribution*, 76 S.W.3d 566, 569 (Tex.App.-Corpus Christi 2002, no

appeal and a bill of review appeal, when it noted that in the latter procedure "all facts may be considered, not just those appearing on the face of the record." *Gold*, 145 S.W.3d at 214. *Gold* compared *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998), a bill of review in which the court considered a process server's post-judgment affidavit, with *Stankiewicz*, 991 S.W.2d at 312, a restricted

appeal in which the court refused to consider post-judgment proof of an incorrect address for service. This limitation on the scope of review in a restricted appeal was also recognized in *Alexander v. Lynda's* Boutique, 134 S.W.3d 845, 848–49 (Tex.2004), which noted "if extrinsic evidence is necessary, it should be presented in a motion for new trial or a bill of review...."

pet.); *Bautista v. Bautista,* 9 S.W.3d 250, 251 (Tex.App.-San Antonio 1999, no pet.); *Seib,* 964 S.W.2d at 28; *Garza v. Zavala,* 905 S.W.2d 312, 313 (Tex.App.-El Paso 1995, no writ); *McGraw–Hill, Inc. v. Futrell,* 823 S.W.2d 414, 416 (Tex.App.-Houston [1st Dist.] 1992, writ denied). The return of citation in the clerk's record is unverified and bears no acknowledgment. Because the record does not affirmatively show a verification of the return in strict compliance with Rule 107, there is error apparent on the face of the record. Issue one is sustained. Because our holding on the first issue is dispositive of this appeal, we do not need to address Laas's remaining issues. The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.