NUMBER 13-04-110-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

CATHERINE D=UNGER,                                              Appellant,

 

                                           v.

 

WILLIAM N. WOOLSEY, INDIVIDUALLY, AND 

WOOLSEY & SCHMIDT, L.L.P., A PARTNERSHIP,          Appellees.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 2

                           of Nueces County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez

 








This is an appeal
from a summary judgment granted in favor of appellees, William N. Woolsey,
individually, and Woolsey & Schmidt, L.L.P., a partnership, on the basis
that appellant, Catherine D'Unger, failed to timely and diligently pursue an
available appellate remedy by restricted appeal before filing her bill of
review petition.  By five issues,
appellant complains that the trial court erred in granting the summary
judgment.  We reverse and remand.

                                                           I.  Standard of Review

We review the
granting of a traditional motion for summary judgment de novo.[2]  Branton v. Wood, 100 S.W.3d 645, 646
(Tex. App.BCorpus Christi 2003, no pet.) (citing Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank
Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied)).  To prevail, the movant has the burden of showing
that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law.  Id.
(citing Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)).

II.  Analysis








A bill of review
is an equitable proceeding which may be filed by a party seeking to set aside a
prior judgment that is no longer subject to a timely challenge for a new trial
or appeal.  Caldwell v. Barnes,
975 S.W.2d 535, 537-38 (Tex. 1998); see Tex. R. Civ. P. 329b(f). 
A party must meet certain requirements in order to be entitled to bill
of review relief, including the requirements that all other available legal
remedies have been timely and diligently pursued.  Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999) (per curiam).  The
Texas Supreme Court has recently held that a restricted appeal[3]
is not, however, among the adequate legal remedies that a bill of review
claimant must pursue.  Gold v. Gold,
145 S.W.3d 212, 214 (Tex. 2004) (per curiam).

More generally, we have never held that failing to
file a restricted appeal bars a bill of review. . . .  If a motion to reinstate, motion for new
trial, or direct appeal is available, it is hard to imagine any case in which
failure to pursue one of them would not be negligence.  But the same cannot be said about choosing to
appeal by bill of review rather than a restricted appeal, for several
reasons.  First, a bill of review allows
trial courts to rectify their own errors, eliminating the need for lengthy
appellate review.  Second, all facts may
be considered, not just those appearing on the face of the record.  Third, discovery is available to find out
what all the facts are.  Finally, it
avoids the need to follow both avenues of appeal seriatim. . . .  It is true we have sometimes stated that
relief by bill of review is available "only if a party has exercised due
diligence in pursuing all adequate legal remedies . . . [and not] if legal
remedies were available but ignored." 
But a party is not "ignoring" its remedies when it chooses one
appellate avenue rather than another.  We
have never included a restricted appeal among the "adequate legal
remedies" a bill of review claimant must pursue; we have only applied this
rule to motions that could have been filed in the trial court's first
proceeding.

 

Id. at 213‑14 (citations omitted).








The sole basis
for the trial court granting the summary judgment in this case was that
appellant failed to timely pursue an available appellate remedy by restricted
appeal before filing her bill of review petition.  By her fourth issue, appellant contends that
appellees did not establish, as a matter of law, that appellant was required to
file a restricted appeal as a condition precedent to filing this bill of
review.  We agree.

Reviewing the
granting of this traditional motion for summary judgment de novo and based on
the supreme court's reasoning and conclusions set out in Gold, we
conclude that appellant was not required to file a restricted appeal as a
prerequisite to filing her bill of review, and, thus, appellees have not shown
that they are entitled to a judgment as a matter of law.  See id. at 214.  We, therefore, sustain appellant's fourth
issue.

Because of our
disposition of appellant's fourth issue, we need not address the remaining
issues.  See Tex. R. App. P. 47.1.

III.  Conclusion

Accordingly, we reverse the judgment of the county court at law and
remand the case for further proceedings.                                                                                              

NELDA
V. RODRIGUEZ

Justice

Memorandum Opinion
delivered and 

filed this 6th day of
April, 2006.

 











[1]As this is a memorandum opinion and
all issues of law presented by this case are well settled and the parties are
familiar with the facts, we will not recite the law and the facts in this
memorandum opinion except as necessary to advise the parties of the Court=s decision and the basic reasons
for it.  See Tex. R. App. P. 47.1, 47.4.





[2]Appellees ask this Court to apply
an abuse of discretion standard of review in this case because "the trial
court's granting of the Appellees' Motion for Summary Judgment operated as a
denial of D'Unger's Petition for Bill of Review."  While abuse of discretion is the proper
review standard for the denial of a bill of review, see Manley v. Parsons,
112 S.W.3d 335, 337 (Tex. App.BCorpus Christi 2003, pet. denied), and while that is the
effect of the judgment, this case was appealed from a summary judgment.  Thus, the appropriate standard in this case
is that for the review of a summary judgment.





[3]A restricted appeal is available
only when a party appeals within six months after the judgment was signed, is a
party to the suit, and must not have participated in the hearing that resulted
in the judgment.  Tex. R. App. P. 26.1(c) & 30 (replacing writ of error
appeals under former rule 45); Alexander v. Lynda's Boutique, 134 S.W.3d
845, 848 (Tex. 2004).  Also, the error
must appear on the face of the record.  Laas
v. Williamson, 156 S.W.3d 854, 857 (Tex. App.BBeaumont 2005, no pet.) (citing Quaestor
Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per
curiam)).