

NUMBER 13-08-00413-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JAMES R. MAIB,**                                                                                              **Appellant,**

**v.**

**DONNA MAIB,**                                                                                              **Appellee.**

### On appeal from the 24th District Court
### of Calhoun County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Rodriguez

The 24th District Court in Calhoun County entered a default judgment in favor of

appellee Donna Maib, finding appellant James R. Maib in contempt for failure to pay

spousal maintenance, granting judgment for arrearages, and suspending commitment.

Appellant brings five issues before the Court:  (1) whether the trial court erred where the

record shows "on its face" that, as of April 28, 2008, the return of citation had not been on

file at least ten days; (2) whether the trial court erred where the record shows "on its face" that as of April 28, 2008, appellant had not been served with process, had not accepted or waived service, and had not otherwise made an appearance; (3) whether the trial court erred in granting a default judgment where there was legally "no evidence" and factually insufficient evidence to support the relief granted; (4) whether the trial court erred in granting a default judgment where the pleadings did not support the relief granted; and (5) whether the trial court erred in granting a default judgment where the trial court found appellant to be in contempt "in absentia." We reverse and remand.

## BACKGROUND

On December 16, 2002, a final decree was issued in the divorce of appellant and appellee. The final decree and attached agreement incident to divorce ordered appellant to pay to appellee spousal maintenance in the amount of $550 per week. On April 3, 2007, appellee filed a petition to enforce spousal maintenance, alleging that appellant had failed to meet his obligations under their divorce decree. After a brief hearing on April 28, 2008, at which appellant failed to appear and did not participate, the district court issued a default judgment on April 30, 2008, holding appellant in contempt for failure to pay spousal maintenance, granting judgment for arrearages, and suspending commitment. The record at the time of judgment included no evidence that service of process had been executed on appellant.

Appellant filed his notice of restricted appeal on June 12, 2008, challenging the district court's issuance of the default judgment against him. On June 18, 2008, subsequent to appellant's notice and nearly two months after the district court entered its judgment, appellee filed a return of citation with the district court. The return indicated that,

2

on February 15, 2008, process had been served on appellant by a private civil process server. The return of citation was not verified by a notary.

## STANDARD OF REVIEW and APPLICABLE LAW

There are four prerequisites for successfully attacking a default judgment on restricted appeal: (1) the appeal must be filed within six months after the final judgment is signed; (2) the appellant must be a party to the lawsuit; (3) the appellant must not have participated at trial; and (4) the error complained of must be apparent on the face of the record. *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.–Corpus Christi 2003, no pet.). The record on appeal consists only of those documents on file with the trial court when the default judgment was entered. *Stankiewicz v. Oca*, 991 S.W.2d 308, 311-12 (Tex. App.–Fort Worth 1999, no pet.). It does not include documents placed in the record after the judgment. *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.–Beaumont 2005, no pet.).

Under Texas rules, the trial court cannot enter a default judgment unless the return of citation has been on file with the clerk ten days before trial. TEX. R. CIV. P. 107. For a default judgment to withstand attack by restricted appeal, "'[s]trict compliance with the rules for service of citation [must] affirmatively appear'" on the record. *Laas*, 156 S.W.3d at 857 (quoting *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). The reviewing court will make no presumptions in favor of valid service. *Wachovia Bank of Del., Nat'l Ass'n v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam). Rather, when a default judgment is entered, we will "rigidly enforce the rules governing service," because

> the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedure rules, under a principle of equality the derelictions offset each other . . . .

3

*Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) (quoting *Wilson v. Dunn* 800 S.W.2d 833, 837 (Tex. 1990)).

## DISCUSSION

By his first and second issues, appellant complains that the district court's default judgment was improper because he was never served with process. In his first issue, appellant contends the district court erred because the record shows "on its face" that no return of citation had been on file at least ten days before the April 28, 2008 hearing, as required by Texas Rule of Civil Procedure 107. *See* TEX. R. CIV. P. 107. In his second issue, appellant argues that the district court erred because the record shows "on its face" that the appellant had not been served with process, had not accepted or waived service, and had not otherwise made an appearance.[1]

It is clear from the face of the record that appellant's notice of restricted appeal was filed within six months of the trial, that he is a party to the lawsuit, and that he did not participate at the April 28, 2008 hearing. *See Autozone*, 108 S.W.3d at 919. As such, appellant has satisfied the first three elements for restricted appeal. *See id*. The question remaining is whether the face of the record demonstrates that appellant was served with process that complied with the applicable rules, thus making it sufficient to justify the default judgment. *See* TEX. R. CIV. P. 107; *Hubicki*, 226 S.W.3d at 408. We conclude it does not.

To comply with rule 107, appellee must have filed a return of citation, which affirmatively proved service on appellant, at least ten days before the April 28, 2008 hearing. The only proof in the record submitted to the Court and related to service of

---

[1] Because the applicable law is the same, we will review appellant's first and second issues as one issue for purpose of our analysis. *See* TEX. R. APP. P. 47.1.

4

process on appellant is the return filed on June 18, 2008. However, we cannot consider this return of citation because it was entered in the record nearly two months after the April 30, 2008 default judgment was entered. *See Oca*, 991 S.W.2d at 311-12.

Even if we could consider the return filed on June 18, 2008, it does not demonstrate compliance with the rules for service of process. The signature of the process server does not indicate that he was acting in any official capacity, for example as a sheriff or constable. *See Laas*, 156 S.W.3d at 858-59. Therefore, it appears that the service was executed by a private process server. Returns of service performed by a private processor must be verified. *See* TEX. R. CIV. P. 107 (stating that "the return of citation of an authorized person," rather than a person acting in official capacity, "shall be verified"). To be properly verified, the return must bear the signature and seal of a notary. *See Laas*, 156 S.W.3d at 858. Here, the return in the record contains no such verification. As such, it is ineffective for purposes of rule 107, and even if it had been on file ten days before the hearing, we could not consider it in deciding whether to sustain the default judgment.

Thus, we find no evidence in the record as it existed at the time of judgment proving that a return of citation was on file ten days before the hearing. *See Oca*, 991 S.W.2d at 311-12. In fact, we find no evidence whatsoever demonstrating that service was executed on appellant. *See id*. at 310, 312. Appellee provided no proof in any form: no valid return of citation that we could consider; no return receipt showing the petition had at least been mailed to appellant; and no testimony at the hearing regarding attempts to serve appellant or offering reasons why appellee had not filed any proof of service with the district court. In short, there is nothing in the record related to process service on appellant.

Appellee contends that there could be no error on the face of the record because the traditional rules for service of process in default judgments do not apply here. Appellee

5

argues that the Texas Rules of Civil Procedure do not apply to actions for enforcement of spousal maintenance, thus she was not required to file a return of citation with the district court ten days before the April 28, 2008 hearing. Appellee directs us to section 8.059 of the Texas Family Code, which provides the following: "On the suit to enforce by the obligee, the court may render judgment against a defaulting party for the amount of arrearage after *notice by service of citation*, answer, if any, and a hearing . . . ." TEX. FAM. CODE ANN. § 8.059(b) (Vernon 2006) (emphasis added). Appellee contends that, by failing to include the ten day requirement, the Legislature intended to exclude the ten day rule as a precondition to granting a default judgment.

Assuming without deciding that appellee's argument is valid, appellee still provided no evidence that appellant had "notice by service of citation," *see* TEX. FAM. CODE ANN. § 8.059, much less that the return was on file for ten days before the hearing. As previously discussed, the record at the time of the judgment contained, for example, no return of citation, return receipt, or other evidence proving that appellant received any sort of process service. *See Laas*, 156 S.W.3d at 857. Therefore, even if we were to accept appellee's interpretation of the family code, the complete absence of proof that appellant had any notice of the lawsuit is nevertheless fatal to the validity of the default judgment. *See Gilliam*, 215 S.W.3d at 849-50 (vacating a default judgment where "nothing on the face of the record" showed compliance with the rules for service of process).

The record in this case lacks any evidence indicating that appellee complied with the rules for service of process before the issuance of the default judgment. We find no evidence that a return of citation was on file for ten days prior to the April 28, 2008 hearing, as is required by rule 107. *See* TEX. R. CIV. P. 107. In fact, there is no proof that appellant had any notice whatsoever of the pending lawsuit; proper service of process was never

6

affirmatively demonstrated by appellee. *See Autozone*, 108 S.W.3d at 920 (ruling that strict compliance with the rules must appear affirmatively on the record for a default judgment to withstand attack). Absent any sort of evidence, the district court erred in granting default judgment in favor of appellee, and the court's error is apparent on the face of the record. *See Hubicki*, 226 S.W.3d at 407. By showing an error on the face of the record, appellant satisfies the fourth and final prerequisite for his restricted appeal, which is thus appropriately before this Court.

We sustain appellant's first and second issues.

Because our holding regarding appellant's first and second issues is dispositive, we do not reach his third, fourth, and fifth issues. *See* TEX. R. APP. P. 47.1.

CONCLUSION

We reverse and remand to the district court for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 11th day of June, 2009.

7