

# NUMBER 13-18-00280-CV & 13-18-00313-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PROPEL FINANCIAL SERVICES, LLC,                                    Appellant,

v.

CONQUER LAND UTILITIES, LLC,                                        Appellee.

## On appeal from the 206th District Court
of Hidalgo County, Texas.

# OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Opinion by Justice Hinojosa**

Appellant Propel Financial Services, LLC (Propel) appeals a no-answer default judgment in favor of appellee Conquer Land Utilities, LLC (Conquer), awarding $13,000,000 in damages, and post-judgment orders granting turnover relief and

appointing a receiver.[1] By three issues, Propel argues that: (1) the default judgment should be set aside by restricted appeal because error appears on the face of the record; and the trial court abused its discretion in (2) ordering turnover relief and (3) appointing a receiver. We reverse and remand.

## I. BACKGROUND

Propel loaned Conquer $47,383.68. The loan was secured by a twelve-acre tract of land located in Hidalgo City, Texas. After Conquer defaulted on the loan, Propel sold the property at a foreclosure sale. Conquer sued Propel, alleging that Propel wrongfully foreclosed on the property and sold the property for only 5% of its appraised value.

### A. Service of Citation

Conquer filed its original petition on November 1, 2017. The petition identified Kohm & Associates, P.C., as Propel's registered agent for service of process. Conquer requested that the Hidalgo County District Clerk issue a citation to Propel and serve the citation and petition by certified mail, return receipt requested. *See* TEX. R. CIV. P. 103, 106. The citation was directed to "Propel Financial Services, LLC c/o Kohm & Associates, PC."[2] On November 9, the clerk filed the following digital return receipt from the United States Postal Service (USPS):[3]

---

[1] In appellate cause number 13-18-00280-CV, Propel appeals the default judgment. In appellate cause number 13-18-00313-CV, Propel appeals the orders granting turnover relief and appointing a receiver. We have consolidated the appeals in the interest of judicial economy.

[2] An incomplete, unsigned certificate of return was attached to the citation.

[3] For readability, we include only the pertinent portion of the digital return receipt.



**UNITED STATES POSTAL SERVICE.**

FILED

AT 1:05 O'CLOCK P M

NOV 09 2017

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By Val _____ Deputy#4

Date: November 9, 2017

MAIL MAIL:

The following is in response to your November 9, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000114516080. The delivery record shows that this item was delivered on November 9, 2017 at 11:33 am in SAN ANTONIO, TX 78205. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

112 Pecan

The digital return receipt contained the following reference identification:

Reference ID: 92148901066154000114516080
C-4914-17-J
PROPEL FINANCIAL SERVICES, LLC
BY SERVING: KOHM & ASSOCIATES, P.C.
112 E. PECAN STREET, SUITE 2810
SAN ANTONIO, TX 78205-0000

## B.    Default Judgment

Propel failed to file an answer to the suit, and Conquer moved for default judgment. The motion was heard on December 4, 2017. At the hearing, Conquer's counsel informed the trial court that "the return of service has been filed with the Court since November 9th." Conquer then presented the testimony of Francisco Xavier Badir Vasquez Rezzah (Rezzah), Conquer's managing member. Rezzah testified that the

value of the foreclosed property was $4,000,000.   He based his valuation on a "2008 or 2009" appraisal of $3,000,080.[4]   Rezzah stated that he planned to develop two hotels and a commercial shopping center on the property.   He estimated that "the loss of not being able to develop [on] this land is about $15,000,000 and $20,000,000."   Rezzah requested the trial court award $13,000,000 in damages, which he represented to be "the value of the property plus some of the lost income or some of the lost profits" for the planned development.

The trial court rendered a default judgment in favor of Conquer and awarded $13,000,000 in damages.

## C.    Amended Proof of Service

On January 29, 2018, Conquer filed a motion to amend the proof of service pursuant to Texas Rule of Civil Procedure 118.   *See* TEX. R. CIV. P. 118 (providing for the amendment of process or proof of service).   The trial court granted the motion, and the district clerk filed the following certificate of return on January 30, 2018:[5]

---

[4] Conquer did not enter the actual appraisal documents into evidence.

[5] The certificate of return bears a November 9, 2017 file stamp.   Conquer represents in its brief that the return was filed pursuant to the trial court's order of January 30, 2018.

4

**FILED**

AT \_\_1:05\_\_\_ O'CLOCK \_P\_ M

NOV 09 2017

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By \_\_Valerie Garza\_\_ Deputy#40

CERTIFICATE OF RETURN
TRCP 107

This is to certify that on this the 2nd day of November, 2017, I VALERIE GARZA, Deputy Clerk of the 430th District Court of Hidalgo County, Texas mailed to **Propel Financial Services, LLC**, Defendant, in Cause No. **C-4914-17-J, CONQUER LAND UTILITIES, LLC VS. PROPEL FINANCIAL SERVICES, LLC**, a copy of the citation along with a copy of the petition, by certified mail, return receipt requested. Return receipt was received **on this the 9th day of November, 2017, CLAIMED.** See attached return.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT,** at office in Edinburg, Texas on this the 9th day of November, 2017

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

_____
**VALERIE GARZA**

### D.     Post-Judgment Orders

Following the default judgment, Conquer filed an application for turnover relief and a motion to appoint a receiver. After a hearing, the trial court signed separate orders granting the requested relief.

### E.     Appeal

Propel now challenges the default judgment by restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30. By a separate appeal, Propel challenges the trial court's orders granting turnover relief and appointing a receiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West, Westlaw through 2017 1st C.S.) (providing for the interlocutory appeal of an order appointing a receiver); *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., LP*, 540 S.W.3d 577, 587 (Tex. 2018) (explaining that turnover orders, when injunctive in nature, are final and appealable).

5

## II.    DEFAULT JUDGMENT

By its first issue, Propel argues "the default judgment [should] be set aside because of errors on the face of the record" related to the citation and return of service. Propel also argues that "the evidence of Conquer's purported damages is legally and factually insufficient."

### A.    Restricted Appeal

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Dallas 2014, pet. denied); *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.). To prevail in a restricted appeal, an appellant must show that (1) the notice of appeal was filed within six months of the complained-of judgment; (2) the appellant was a party to the suit who did not participate in the hearing that resulted in the judgment; (3) the appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26.1(a); and (4) error is apparent from the face of the record. TEX. R. APP. P. 26.1(c), 30; *see Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In a restricted appeal, the face of the record consists of all papers that were before the trial court when it rendered its judgment. *Alexander*, 134 S.W.3d at 848–49. Only the fourth element is at issue in this case—whether error is apparent on the face of the record.

### B.    Amended Return

Propel first argues that Conquer's return of service does not strictly comply with

6

Texas Rule of Civil Procedure 107.   *See* TEX. R. CIV. P. 107.   As a threshold matter, we must determine whether we can consider the certificate of return filed after the entry of default judgment.

Generally speaking, the record in a restricted appeal consists only of those documents on file with the trial court when the default judgment was entered.   *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.); *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.); *Stankiewicz v. Oca*, 991 S.W.2d 308, 311–12 (Tex. App.—Fort Worth 1999, no pet.).   But Texas Rule of Civil Procedure 118 provides that a trial court may allow an amended proof of service "[a]t *any time* in its discretion[.]"   *See* TEX. R. CIV. P. 118 (emphasis added). Recognizing a trial court's Rule 118 discretion, Texas courts have considered post-judgment amendments to proof of process in limited circumstances.[6]   However, the trial court's authority to grant a Rule 118 amendment extends only as far as its plenary power over the judgment.[7]   *See Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695,

---

[6] For instance, Texas courts have considered post-judgment amendments to proof of process in the context of motions for new trial and bill-of-review proceedings.   *See Higginbotham v. General Life & Accident Ins. Co.*, 796 S.W.2d 695 (Tex. 1990) (motion for new trial); *Gonzalez v. Tapia*, 287 S.W.3d 805 (Tex. App.—Corpus Christi 2009, pet. denied) (bill of review).   However, there is conflicting authority as to whether a post-judgment amendment may be considered in restricted appeals.   *Compare Primate Const. Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (explaining in a writ of error proceeding—predecessor to restricted appeals—that "[i]f the facts as recited in the sheriff's return, pre-printed or otherwise, are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment") *and Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.) (concluding in restricted appeal that a corrected return filed after default judgment cannot cure defects in service) *with Asset Prot. & Sec. Servs., L.P. v. Armijo*, ___ S.W.3d ___, ___, No. 08-17-00250-CV, 2019 WL 290580, at *6 (Tex. App.—El Paso Jan. 23, 2019, no pet. h.) (explaining that a notable exception to the rule prohibiting consideration of materials filed after default judgment in restricted appeals relates to Rule 118 orders amending a return of service because such amendment relates back to the original return) *and Dawson v. Briggs*, 107 S.W.3d 739, 746 (Tex. App.—Fort Worth 2003, no pet.) (determining that *Primate's* language requiring amendment of return prior to judgment was "mere dicta").   For the reasons mentioned in this opinion, we need not address this apparent conflict.

[7] An exception to this limitation arises in bill-of-review proceedings.   *See* TEX. R. CIV. P. 329b(f);

696 (Tex. 1990) (recognizing a trial court's authority to amend proof of process in relation to a motion for new trial); *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 868 (Tex. App.—Fort Worth 2013, no pet.) (concluding that a trial court may sign a post-judgment order amending proof of process while it retains plenary power); *Dawson v. Briggs*, 107 S.W.3d 739, 745 (Tex. App.—Fort Worth 2003, no pet.) (same); *see also McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *4 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.) (holding that the trial court did not have the authority to grant a Rule 118 motion after its plenary power expired).

Where, as here, no motion for new trial is filed, a trial court retains plenary jurisdiction for thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)–(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The trial court's plenary power expired on January 3, 2018 (thirty days after the December 4, 2017 default judgment). *See* TEX. R. CIV. P. 329b(d), (e). Conquer did not move to amend the return of service until January 29, and the trial court's order granting the amendment was not signed until January 30, well outside the trial court's plenary jurisdiction. Therefore, the trial court's Rule 118 order is void, and the amendment is of no effect. *See Silguero v. State*, 287 S.W.3d 146, 148 (Tex. App.—Corpus Christi 2009) (orig. proceeding) (explaining that an order issued after the trial court's plenary power expires is void). Accordingly, we do not consider the amended certificate of return in our review.

---

*Gonzalez*, 287 S.W.3d at 806–09; *Walker v. Brodhead*, 828 S.W.2d 278, 281–82 (Tex. App.—Austin 1992, writ denied); *see also McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *5 n.5 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.) (recognizing that a trial court may sign a Rule 118 order in bill-of-review proceedings).

**C. Compliance with Rule 107**

Next, we consider Propel's arguments regarding defects in the proof of process on file at the time of the default judgment. Specifically, Propel maintains that the USPS return receipt does not satisfy Rule 107. *See* TEX. R. CIV. P. 107.

**1. Applicable Law**

There are no presumptions in favor of a valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, error is apparent on the face of the record, and attempted service of process is invalid and of no effect. *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.).

"The officer or authorized person executing the citation must complete a return of service." TEX. R. CIV. P. 107(a). As relevant here, the return, together with any document to which it is attached, must include the following information: (1) the cause number and case name; (2) the court in which the case is filed; (3) a description of what was served; (4) the date and time the process was received for service; (5) the person or entity served; (6) the address served; (7) the date of service or attempted service; (8) the manner of delivery of service or attempted service; and (9) the name of the person who served or attempted to serve the process. *Id*. R. 107(b). When the citation is served by registered or certified mail, the return by the officer or authorized person must also contain the return receipt with the addressee's signature. *Id*. R. 107(c). In addition, the officer

9

or authorized person who serves or attempts to serve a citation must sign the return. *Id*. R. 107(e). The trial court may not grant a default judgment unless proof of service has been on file with the clerk of the court for ten days. *Id*. R. 107(h).

### 2. Analysis

Propel argues that the USPS return receipt does not constitute a return of service as contemplated by Rule 107. We agree.

The Hidalgo County District Clerk filed the digital return receipt (similar to a "green card") bearing the clerk's stamp in lieu of a completed certificate of return. The return receipt does not comply with Rule 107 in many respects. First, while the document bears the clerk's file stamp, it is not signed by the person who served the citation. *See* TEX. R. CIV. P. 107(e). This Court and others have previously rejected the notion that a "filed for record" stamp constitutes an endorsement under Rule 107. *See Deutsche Bank Tr. Co. v. Hall*, 400 S.W.3d 668, 670 (Tex. App.—Texarkana 2013, pet. denied); *see also Dominguez v. State*, No. 13-10-00289-CV, 2011 WL 579132, at *2 (Tex. App.—Corpus Christi Feb. 17, 2011, no pet.) (mem. op.). Second, the return receipt, which was not attached to any documents, fails to identify the court in which the case was filed and a description of what was served. *See* TEX. R. CIV. P. 107(b).

Even if we were to view the district clerk's file stamp on the return receipt as the signature of the officer serving the citation, a separate certificate of return would still be required. Rule 107 specifically distinguishes between a certificate of return and the return receipt. *See id.* R. 107(c) ("When the citation was served by registered or certified mail . . ., the return by the officer or authorized person must *also* contain the return receipt

10

with the addressee's signature.") (emphasis added); *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 347 (Tex. App.—Corpus Christi 1990, no writ) (holding that proof of service was defective where green card was filed but officer did not sign the certificate of return); *see also JPMorgan Chase Bank, N.A. v. Tejas Asset Holdings, L.L.C.*, No. 05–11–00962–CV, 2012 WL 3929798, at *1 (Tex. App.—Dallas Sept. 10, 2012, no pet.) (mem. op.). Therefore, when service is by certified mail, return receipt requested, the officer's return must be filled out and completed; a postal return receipt alone will not support a default judgment. *See Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.—Waco 1997, writ denied); *see also JPMorgan Chase*, 2012 WL 3929798, at *1 ("[T]he green card alone is not proof of service as required by [R]ule 107."); *Dominguez*, 2011 WL 579132, at *2–3 (collecting cases requiring separate certificate of return); *Gen. Motors Acceptance Corp. v. Sepulveda*, No. 13-08-00055-CV, 2010 WL 1019588, at *1 (Tex. App.—Corpus Christi Mar. 18, 2010, no pet.) (mem. op.) (concluding that file-stamped return receipt did not satisfy Rule 107 where the certificate of return was not filled out or signed).

**D.    Summary**

We conclude that the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation. Therefore, error is apparent on the face of the record, and the attempted service of process is invalid and of no effect. *See Alexander*, 134 S.W.3d at 848; *Lytle*, 261 S.W.3d at 840. We sustain Propel's first issue.[8]

---

[8] Our conclusion regarding the return of service is dispositive of Propel's restricted appeal. Therefore, we need not address Propel's arguments concerning defects in the citation and the sufficiency

### III. TURNOVER AND RECEIVERSHIP ORDERS

By its second and third issues, Propel challenges the trial court's orders granting turnover relief and appointing a receiver. Due to our resolution of Propel's first issue, we must set aside the default judgment. When a default judgment is reversed on appeal, a trial court's orders enforcing said judgment must also be reversed. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 201 S.W.3d 694, 695 (Tex. 2006); *Matthiessen v. Schaefer*, 915 S.W.2d 479, 480 (Tex. 1995). Accordingly, we sustain Propel's second and third issues.

### IV. CONCLUSION

We reverse the trial court's default judgment, order granting turnover relief, and order appointing a receiver. We remand the case for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Delivered and filed the
18th day of April, 2019.

---

of the evidence supporting the damages award. *See* TEX. R. APP. P. 47.1.